OPINION
Appellant Christopher Guillot appeals the decision of the Stark County Court of Common Pleas that found him to be a "sexual predator." The following facts give rise to this appeal. On January 22, 1999, the Stark County Grand Jury secretly indicted appellant charging him with one count of gross sexual imposition and one count of rape. Appellant entered a plea of not guilty. Prior to trial, appellant filed a motion to suppress the confession he made to the police. In the confession, appellant admitted that on numerous occasions he engaged in sexual intercourse, fellatio and fondling of a five-year-old girl over a six-month period. Following a hearing on appellant's motion, appellant opted to change his plea to guilty to the charges contained in the indictment. On May 12, 1999, the trial court sentenced appellant to a term of five years on the rape charge and a concurrent one-year term on the charge of gross sexual imposition. Thereafter, on May 26, 1999, the trial court conducted a classification hearing pursuant to R.C. 2950.09 to determine whether appellant qualified as a "sexual predator." The trial court filed its judgment entry on May 28, 1999, classifying appellant a "sexual predator" for purposes of R.C. Chapter 2950. Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration.
 I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE.
 II. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
 I
In his First Assignment of Error, appellant contends R.C. Chapter 2950, as amended by H.B. 180, is unconstitutionally vague. We disagree. For the reasons stated in State v. McIntyre (Feb. 1, 1999), Stark App. No. 1997CA00366, unreported, at 3-5 and State v. Nosic (Feb. 1, 1999), Stark App. No. 1999CA00248, unreported, at 3-6, we overrule appellant's First Assignment of Error. Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant maintains the state only proved he was a "sexual offender" and that there was no evidence presented as to the likelihood to re-offend. Thus, appellant concludes the trial court's finding that he is a "sexual predator" is not supported by clear and convincing evidence. We disagree. In the McIntyre case, we reviewed this type of claim under a manifest weight of the evidence standard. We found the manifest weight standard of review applicable as the Ohio Supreme Court, in the case of State v. Cook (1998), 83 Ohio St.3d 404, addressed a similar challenge under a manifest weight standard. See Cook at 426. As explained in McIntyre, because R.C. Chapter 2950 is remedial in nature and not punitive, we will review this claim under the standard of review contained in C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279. Under this standard of review, we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence will not be reversed as being against the manifest weight of the evidence. C.E. Morris at syllabus. The essential factors a trial court is to consider in determining whether a person should be classified a "sexual predator" are contained in R.C. 2950.09(B)(2). This statute provides: In making a determination under division (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Pursuant to the above factors, at the hearing conducted on May 26, 1999, the trial court made the following findings. First, the trial court noted the age of the victim as well as the disparity of ages between the victim and appellant. Tr. at 32, 33. The victim was only four and one-half years old when appellant began the abuse. Id. Appellant was twenty-six years old. Id. Although appellant had no prior record and the charges did not involve multiple victims, appellant did abuse the victim on multiple occasions. Id. Finally, the trial court also found appellant had mental health issues regarding abuse in his past. Id. Based on these factors, the trial court concluded, by clear and convincing evidence, that appellant should be classified a "sexual predator" as defined in R.C. 2950.01(E). Based on our review of the record, we find there is relevant, competent and credible evidence to support the trial court's conclusion, by clear and convincing evidence, that appellant should be classified a "sexual predator." The trial court's conclusion is not against the manifest weight of the evidence. Appellant's Second Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: WISE, P.J. FARMER, J., and EDWARDS, J., concur.